**Filiberto LEPE, Plaintiff–Appellant,**

v.

**Rod BANISTER; County of Carson City; Daniel Holub, Defendants–Appellees.**

No. 04–17209.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 23, 2007.

Filed May 23, 2007.

James A. Boles, Esq., Reno, NV, for Plaintiff–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Michael T. Suglia, Esq., Carson City District Attorney's Office, Carson City, NV, for Defendants–Appellees.

Before: KLEINFELD and THOMAS, Circuit Judges, and LEIGHTON *, District Judge.

## MEMORANDUM **

Filiberto Lepe appeals the district court's order dismissing his 42 U.S.C. § 1983 claims as barred by *res judicata.* Because the parties are familiar with the history of this case, we will not recount it here.

### I

Lepe's false arrest claim accrued on the date he was held pursuant to legal process, i.e. the date he was arraigned or bound over for trial. *Wallace v. Kato,* —— U.S. ——, 127 S.Ct. 1091, 1096, 166 L.Ed.2d 973 (2007). *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), did not delay the accrual of Lepe's false arrest claim because under *Wallace,* a § 1983 claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process," even "where the arrest is followed by criminal proceedings," *Wallace,* 127 S.Ct. at 1100. The new rules announced in *Wallace* apply retroactively to Lepe because the Supreme Court applied these rules to the parties in *Wallace. See Reynoldsville Casket Co. v. Hyde,* 514 U.S. 749, 752, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995) (when the Supreme Court announces a new legal rule and applies it to the parties in that case, we must apply the new rule to all pending cases, even if those pending cases "involve predecision events").

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

Because Lepe was held pursuant to legal process, at the latest, on May 5, 1999, his false arrest claim accrued on that date and he could have brought this claim in his first civil suit, filed in January 2001. Accordingly, Lepe's false arrest claim is barred by *res judicata. Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1052 (9th Cir.2005).

### II

Lepe's second suit also contained a claim for malicious prosecution. The parties acknowledged in their briefs that this was a state law claim. The district court had discretion to refuse to exercise supplemental jurisdiction over the state law claim, 28 U.S.C. § 1367(c)(3), and it did not abuse that discretion here, *Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir.2001).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.